IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **TAYDOR G. LUAL** | * | **CIVIL ACTION NO. 06-0818** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by Petitioner, Taydor G. Lual ("Lual"), on May 15, 2006. The Government has filed a response to Lual's petition (Doc. #9). For reasons stated below, it is recommended that Lual's petition be **DISMISSED without prejudice.**

## BACKGROUND

Lual was approved as a lawful permanent resident on January 26, 1994, and entered the United States on May 25, 1994, as a refugee from Sudan. On July 16, 2003, Lual was convicted of possession of marijuana and sentenced to twelve months probation. Thereafter, on April 15, 2004, he was convicted of obstruction of a law enforcement officer and burglary, and was sentenced to three years probation with six months time served; however, on January 26, 2005, Lual was convicted of violating the provisions of his probation and re-sentenced to three years incarceration. On March 23, 2005, Lual was served with a notice to appear before an immigration judge. Lual entered ICE custody on August 15, 2005, and was ordered removed to Sudan on October 4, 2005.

On January 17, 2006, the ICE Field Office in Atlanta issue a decision to continue Lual's detention because he was considered to be a threat to the community and because ICE was working with the Sudanese government to repatriate Lual to Sudan. This decision was affirmed by Headquarters on May 25, 2006. On November 1, 2005, a request for a travel document to the

Sudanese Consul was made, and on June 12, 2006, a Sudanese Embassy official stated that such request was still pending. On September 18, 2006, the Government filed a supplemental response indicating that a travel document for Lual has been obtained. However, a departure date has yet to be established because, in January of this year, Lual filed an application for United States citizenship. After reviewing Lual's citizenship application, Citizenship and Immigration Services gave Lual until October 15, 2006, to submit additional information.

In his petition, Lual's sole claim is a challenge to his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Lual, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

**LAW AND ANALYSIS**

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has expired, Lual has failed to demonstrate that there is no significant likelihood of his removal in the

2

reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Sudanese Embassy has issued a travel document for Lual's repatriation, and the only reason that Lual has not been removed is because of his own action in seeking United States citizenship. Therefore, Lual has failed to provide good reason to believe that his continued detention pending his removal is unconstitutional. Thus, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 11th day of October, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE